**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

ALLAN KUEHNEMUND, Individual; and
KUEHNEMUND POTATO FARMS,

    Plaintiff,                                CASE NO. 07-15246

v.                                         DISTRICT JUDGE THOMAS LUDINGTON
                                            MAGISTRATE JUDGE CHARLES BINDER

AGRIUM, INC.,

    Defendant.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON
DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**
(Dkt. 6)

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's Motion to Dismiss be **GRANTED.**

**II.    REPORT**

    **A.  Introduction**

Pending, pursuant from an Order of Reference from United States District Judge Thomas Ludington, is the above-entitled motion. Plaintiffs Allan Kuehnemund and Kuehnemund Potato Farms (who shall collectively be referred to as "Plaintiff") has filed a response opposing the motion.[1] (Dkt. 9.) Defendant filed a reply. (Dkt. 11.) Plaintiff thereafter filed a document entitled

---

[1] Plaintiff entitled his a response, "Traverse to Defendant Agrium, Inc. Response..."

"Motion for Court to Take Judicial Notice" (Dkt. 13), and Defendant filed a Response. (Dkt. 14.) After review of the pleadings, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation without oral argument.

**B.     Facts and Arguments of the Parties**

Plaintiff alleges that between 1998 and 2001, he purchased fertilizer and chemicals from a subsidiary of Defendant and thereafter suffered crop losses and crop failures, which Plaintiff alleges were due to allegedly defective and diluted chemicals supplied by the subsidiary. (Dkt. 3, Sec. Amend. Compl., ¶¶ 6-8.) Uniform Commercial Code ("U.C.C.") Security Agreements and Financing Statements between Plaintiff and Crop Production Services, Inc., signed by Plaintiff April 28, 2000, appear to evidence indebtedness for at least some of these purchases. (Dkt. 6 at Ex. A.)

In August 2002, Crop Production Services, Inc., filed a Verified Complaint for Damages and Claim and Delivery against Plaintiff in Arenac County Michigan Circuit Court. (Dkt. at 6, Ex. A at 4.) Plaintiff, then represented by counsel, filed an Answer stating that the loan referred to in the Arenac County complaint in fact financed the purchase of fertilizer and weed killer chemicals. (*Id.* at 1.) The Answer disputed the amount of the indebtedness and, more importantly for the instant case, stated a series of affirmative defenses, including allegations that Crop Production, Inc., "provided defective products and may have done so over a longer period than one year, thus committing a material breach of the contractual relationship between the parties," and that Crop Production, Inc., "defrauded . . .[Plaintiff] by providing diluted or improperly mixed product . . . for application to his farm fields[.]" (*Id.* at 3.) The Answer was filed October 9, 2002. (*Id.*)

In April 2004, Plaintiff was charged in this Court with multiple counts of crop insurance fraud and the making of false statements. (E.D. Mich. Case No. 04-CR-20025-BC). After a jury

trial, Plaintiff was found guilty on multiple counts and was sentenced in June 2005 by United States District Judge David Lawson to 87 months' confinement, to be followed by a period of supervised release. (*Id.*)

Plaintiff is currently incarcerated in the McKean Federal Correctional Institution in Bradford, Pennsylvania. On April 25, 2007, Plaintiff initiated the instant suit by filing, *pro se,* a Motion for Leave to Proceed *in forma pauperis* in the United States District Court for the Western District of Pennsylvania. (Dkt. 1.) On May 11 and 16, 2007, the Court ordered that Plaintiff's Complaint and Second Amended Complaint, respectively, be filed. (*Id.*) Both complaints contain four counts raising claims of Breach of Contract, Breach of Fiduciary Duty, and Breach of Express and Implied Warranties. (*Id.*) Defendant filed a Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue in that court, and Plaintiff filed documents opposing the motion. (*Id.*) On November 7, 2007, Senior United States District Judge Maurice Cohill, Jr., denied the motion and transferred the case to this jurisdiction for further proceedings. The instant motion followed.

In this motion, Defendant argues that all Plaintiff's claims are barred by applicable Michigan statutes of limitations, or in the alternative fail because Plaintiff has failed to allege any wrongful conduct committed by this Defendant. Defendant also argues that Plaintiff has failed to allege the existence of a fiduciary relationship with Defendant, and that Plaintiff's breach of fiduciary duty claim is barred by the economic loss doctrine.

Plaintiff responds that the statute of limitations is tolled by operation of equitable tolling and that, under the circumstances alleged, by virtue of Judge Cohill's findings prior to transfer to this District, Defendant cannot avail itself of the corporate veil. Defendant replies that equitable

tolling is not available to Plaintiff in Michigan, and that Judge Cohill's findings relate only to the issue of appropriate venue.

### C. Law and Analysis

#### 1. Motion Standards

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a case where the complaint fails to state a claim upon which relief can be granted. Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* ___U.S.___, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).[2] *Twombly* did not change the notion that "when ruling on a defendant's motion to dismiss, a judge must accept as true all factual allegations contained in the complaint." *Erickson v. Pardus*, ___U.S.___, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

Where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, courts may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th

---

[2]Although one district court in the Sixth Circuit has restricted *Twombly*'s application to antitrust conspiracy cases, the majority have not. *See Weisbarth v. Geauga Park Dist.,* 499 F.3d 538 (6th Cir. 2007) (declining to resolve scope of *Twombly* decision because not necessary to do so).

Cir. 1999), nor may courts construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Neither may the court "conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), nor create a claim for Plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975), because to hold otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (quotation omitted) (emphasis added). This circuit has further "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.'" *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Associates Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). Thus, the documents that are central to the complaint and are attached to the instant motions may be referred to without converting the motion to one for summary judgment.

2. **Discussion**

Federal law has no specific provision imposing a statute of limitations on the time to file an action alleging breach of contract, breach of fiduciary duties or breach of warranties. As a result, the court must borrow the most applicable state law statute of limitations relating to such actions. *See Lawson v. Edwardsburg*, 751 F. Supp. 1257, 1259 (W.D. Mich. 1990) ("[i]f a federal

statute does not contain a limitations period, then a court is to determine which state cause of action is most analogous to the federal one and adopt its statute of limitations if it is consistent with the policy of the federal cause of action"). Accordingly, the applicable Michigan statute of limitations must be applied in this action. Under Michigan law, a statute of limitations inquiry focuses on the nature and origin of the claim. *Garden City Osteo. Hosp. v. HBE Corp.*, 55 F.3d 1126 (6th Cir. 1995). Defendant, in its Motion to Dismiss, asserts that Plaintiff's claim in this case is derived from a contract for the sale of fertilizer and weed killer, and contends that the applicable statute of limitations is found in Article II of the Uniform Commercial Code, as adopted by the Michigan legislature in 1964. MICH. COMP. LAWS § 440.2725. That section establishes a four-year period of limitation for breach of a contract of which the predominant character is the sale of goods. MICH. COMP. LAWS § 440.2725(1).[3] The statute reads in pertinent part:

> (1) An action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than 1 year but may not extend it.
>
> (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.
>
> . . . .
>
> (4) This section does not alter the law on tolling of the statute of limitations nor does it apply to causes of action which have accrued before this act becomes effective.

MICH. COMP. LAWS § 440.2725.

---

[3]"Goods" is defined as "all things . . . which are movable at the time of identification to the contract for sale . . . ." MICH. COMP. LAWS § 440.2105(1).

Applying these provisions, I suggest first that all Plaintiff's claims relate to the sale of goods as defined under Michigan law and thus this statute of limitations applies. I next suggest that Plaintiff's claims accrued at least in August 2002 when Plaintiff, through counsel, alleged in the Arenac County case that the fertilizer and weed killer supplied by Crop Production Services was defective. There is no evidence on this record indicating that the parties sought to shorten the time for filing suit. Thus, in order to have timely raised his claims, Plaintiff had to have filed this case no later than August 2006. Instead, Plaintiff initiated this action in the Western District of Pennsylvania eight months later, in April 2007. I therefore suggest that Plaintiff's claims are barred by the applicable Michigan statute of limitations.

As to equitable tolling, in spite of Plaintiff's strenuous arguments, I suggest that equitable tolling is not appropriate in the instant case. The elements of equitable tolling are: (1) lack of actual notice; (2) lack of constructive knowledge; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) plaintiff's reasonableness in remaining ignorant of the notice requirement. *E.E.O.C. v. Kentucky State Police Dep't*, 80 F.3d 1086, 1094 (6th Cir. 1996). "This Circuit has repeatedly cautioned that equitable tolling relief should be granted only sparingly." *Amini v. Oberlin College*, 259 F.3d 493, 500 (6th Cir. 2001). Therefore, equitable tolling should not apply for the sole reason that plaintiff has assumed the risk of self-representation and was unfamiliar with the process. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) ("We have held that neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling") (cited with approval in *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002)). With the possible exception of (3) above, I suggest that none of these requirements exist in this case. The Arenac County filings by Plaintiff's then-counsel unequivocally attest to the fact that Plaintiff possessed both constructive

and actual knowledge of the alleged defects at least in August 2002. Thus, I suggest that on this record, Plaintiff cannot successfully argue that he was in any way ignorant of the alleged defects. Moreover, whether Plaintiff has been diligent under the circumstances or not, the record is clear that Defendant faces potential prejudice. I therefore suggest that the assertion of this defense, although recognized under Michigan law, nonetheless fails in this case.

Alternatively, I suggest that Plaintiff's arguments relating to alleged parent-subsidiary relationships, fiduciary responsibilities, and his attempt to "pierce the corporate veil" all lack merit. In Michigan, absent some abuse of the corporate form itself, parent and subsidiary corporations are presumed to be separate and distinct legal entities. *See Seasword v. Hilti, Inc*., 537 N.W.2d 221, 224 (Mich. 1995). This presumption may be overridden, which is sometimes called "piercing the corporate veil," in the interests of justice or other overriding public policy. *See id.* In order to pierce the corporate veil and to state a claim "based on an alleged parent-subsidiary relationship, a plaintiff would have to allege: (1) the existence of a parent-subsidiary relationship, and (2) facts that justify piercing the corporate veil." *Id.* Michigan courts do not apply agency law to impute a subsidiary's knowledge to the parent. Rather, Michigan law requires facts sufficient to pierce the corporate veil. *Stryker Corp. v. XL Ins. America, Inc*., No. 4:01-CV-157, 2006 WL 1997142, at *20 (W.D. Mich., July 14, 2006). Facts that justify piercing the corporate veil include those showing the existence of an agency relationship between the entities or where the parent effectively controls the conduct of the subsidiary. *See Tegal Corp. v. Tokyo Electron Co., Ltd.*, 248 F.3d 1376, 1379 (Fed. Cir. 2001); *A. Stucki Co. v. Worthington Indus., Inc*., 849 F.2d 593, 596 (Fed. Cir. 1988).

Under these standards, I suggest that Plaintiff's argument fails to pass muster. First, although Plaintiff implies in his complaints that Defendant Agrium is the parent of a subsidiary,

he entirely fails to identify the subsidiary in any of his complaints. Second, and more importantly, while Plaintiff alleges various improprieties, I find no evidence on this record that either entity operates as the agent of the other. Furthermore, Plaintiff's argument blurs the fundamental principle of corporate law that a corporation is separate from its shareholders, and there is no evidence that either entity *itself* owns stock in the other. Plaintiff's reliance on Senior Judge Cohill's discussion of recitations made by an attorney for Agrium prior to the transfer of this case to this District misinterpret the context of that opinion. Plaintiff, I suggest, seeks to have this Court read more into Judge Cohill's findings than is actually there. While Judge Cohill expresses "concern" over an "inconsistency" between the attorney's Declaration and Plaintiff's exhibits, he repeatedly makes clear that the issue before him is that of jurisdiction only, and not the merits of Plaintiff's claims, and his denial of a motion to dismiss for lack of general personal jurisdiction should be considered nothing more than that. At no point did Judge Cohill consider any of the substantive arguments made by either party in the instant motion.

I therefore suggest that grant of the instant motion and dismissal of this case is appropriate.

## III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Social Security*,

474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97.  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

|  |  |
|---|---|
| Dated: March 5, 2008 | s/ *Charles E Binder*<br>CHARLES E. BINDER<br>United States Magistrate Judge |

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Thomas W. Cranmer and Matthew F. Leitman, and on Allan Kuehnemund by first class mail, and served on U.S. District Judge Ludington in the traditional manner.

Date:  March 5, 2008           By      s/Patricia T. Morris
                                                Law Clerk to Magistrate Judge Binder