UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALLAN KUEHNEMUND and
KUEHNEMUND POTATO FARMS,

                   Plaintiffs,                  Case Number 07-15246-BC
v.                                         Honorable Thomas L. Ludington

AGRIUM, INC.,

                   Defendant.

_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, GRANTING DEFENDANT'S MOTION TO DISMISS, DENYING PLAINTIFF'S MOTION OR JUDICIAL NOTICE AS MOOT, AND DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT**

Plaintiff Allan Kuehnemund's ("Plaintiff") objection [Dkt. # 16] to the magistrate judge's report and recommendation [Dkt. # 15] is presently before the Court. Plaintiff, a former owner of a potato farm, purchased diluted fertilizer and chemicals from Defendant Agrium, Inc., ("Defendant"). Plaintiff initiated this action by filing a complaint in the Western District of Pennsylvania on December 10, 2007. Plaintiff's second amended complaint asserts four causes of action for breaches of contract, fiduciary duty, implied warranty, and express warranty. *See* Dkt. # 3.

Prior to this action being transferred to this District, Defendant filed a motion to dismiss for lack of personal jurisdiction and improper venue. Senior United States District Court Judge Maurice Cohill, Jr. denied both motions to dismiss, concluded that venue was not proper in the Western District of Pennsylvania, and transferred the matter to this District in the "interests of justice." *See* 28 U.S.C. § 1406(a). Moreover, Judge Cohill's opinion noted that Defendant's senior legal counsel

had submitted an affidavit that contained "inconsistenc[ies]"[1] with respect to information pertaining

to the court's personal jurisdiction over Defendant.  *See* Kuehnemund v. Agrium, Inc., No. 07-

00083, 2007 U.S. Dist. LEXIS 82984, at *21 (W.D. Pa. Nov. 8, 2007).

On September 12, 2007, Defendant filed a motion to dismiss, for judgment on the pleadings,

and/or for summary judgment.  Dkt. # 6.  Defendant maintains, inter alia, that Plaintiff's causes of

action are barred by the Uniform Commercial Code's ("UCC") four year statute of limitations.  *See*

Mich. Comp. Laws § 440.2725.  Additionally, Plaintiff had not alleged any facts indicating that the

Court should pierce Defendant's corporate veil and hold it liable for the conduct of its subsidiary.

This Court referred the matter to Magistrate Judge Charles E. Binder.  Dkt. # 8; *see also* 28 U.S.C.

§ 636(b).  On March 5, 2008, Judge Binder issued a report recommending that the Court grant

Defendant's motion to dismiss because Plaintiff's actions, governed by the UCC, are barred by the

statute of limitations.  Dkt. # 15 at 5-7. He also concluded that the doctrine of equitable tolling was

inapposite on the facts.  He noted that "[t]he elements of equitable tolling are: (1) lack of actual

notice; (2) lack of constructive knowledge; (3) diligence in pursuing one's rights; (4) absence of

prejudice to the defendant; and (5) plaintiff's reasonableness in remaining ignorant of the notice

requirement."  Dkt. # 15 at 7 (*citing E.E.O.C. v. Kentucky State Police Dep't,* 80 F.3d 1086, 1094

(6th Cir. 1996)).  The magistrate judge concluded that Plaintiff only demonstrated that he had been

---

[1]  Judge Cohill noted as follows:

> Specifically, the Court is concerned with the Declaration of Attorney Daniel wherein Attorney Daniel declares that "Agrium does not currently conduct business in Pennsylvania or sell its products or services in Pennsylvania, [and] Agrium has not conducted any business in Pennsylvania within the last five years or sold its products or services in Pennsylvania in the last five years," because Plaintiff has come forward  with evidence that the Court finds arguably contradictory to this declaration.

*Kuehnemund v. Agrium, Inc.*, No. 07-00083, 2007 U.S. Dist. LEXIS 82984, at *17 (W.D. Pa. Nov. 8, 2007)

diligent in pursuing his rights, but had not met the four other elements.

The magistrate judge suggested that an alternate basis existed to grant Defendant's motion. Plaintiff's causes of action assert that Defendant is liable for the alleged misconduct, though it was Defendant's subsidiary that supplied the deficient fertilizer. Judge Binder suggested that Plaintiff had not alleged any facts that justified piercing the corporate veil. Dkt. # 15 at 8 (*citing Seasword v. Hilti, Inc.*, 537 N.W.2d 221, 224 (Mich. 1995). Ultimately, the magistrate judge recommended granting the motion to dismiss for these two deficiencies.

Plaintiff advanced the following arguments in his objection: (1) the magistrate judge did not liberally construe his pleadings as required for a pro se litigant, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); (2) the magistrate judge incorrectly concluded that the doctrine of equitable tolling does not apply in the instant matter; and (3) Judge Cohill's finding that an affidavit submitted by Defendant's counsel contained factual "inconsistenc[ies]" demonstrates that Defendant can be held liable for its subsidiary's conduct. Each argument shall be addressed in turn.

First, there is no indication that the magistrate judge held Plaintiff to a higher standard than other pro se litigants. Plaintiff did not point to any specific conclusions that held Plaintiff to a higher standard. Instead, Plaintiff contends that the magistrate judge "overlook[ed]. . . the egregious acts by [Defendant's] lawyers to the plight of the pro se litigant." Dkt. # 16 at 4. As discussed below, Judge Cohill's findings concerning Defendant's counsel's "egregious acts" are not germane to the issues before this Court. The magistrate judge's analysis did not hold Plaintiff to unusually high legal standard for pro se litigants.

Next, Plaintiff contends that he is entitled to equitable tolling of the four year statute of limitations. Judge Binder found that Plaintiff's causes of action began to accrue by August of 2002,

when Plaintiff, represented by counsel, brought an action in an Arenac County court for allegedly defective fertilizer supplied by Crop Production Systems, Defendant's subsidiary. Dkt. # 15 at 7. Plaintiff's objection does not dispute the authority relied upon by the magistrate judge, instead asserts that "unusual inequities" support tolling the statute. Dkt. # 17 at 1 (*quoting Ward v. Siano*, 730 N.W.2d 1, 2 (Mich. Ct. App. 2006) (*reversed by Ward v. Siano*, 741 N.W.2d 836 (Mich. 2007)). Plaintiff relies almost solely on the finding of Judge Cohill that a declaration by Defendant's attorney regarding personal jurisdiction was not completely truthful. Those "inconsistenc[ies]" notwithstanding, Plaintiff has not demonstrated that he is entitled to equitable tolling in the instant matter. Plaintiff acknowledges that he "began the inquiry of [Defendant's] crime in April of 2002." Dkt. # 16 at 4. This implies that he had actual knowledge of Defendant's alleged misconduct. Moreover, Plaintiff has not rebutted the finding that the filing of the August 2002 action also demonstrates actual knowledge. Thus, the Court agrees with the magistrate judge's conclusion that Plaintiff's causes of action are not entitled to equitable tolling and are barred by the applicable statute of limitations.

Lastly, Plaintiff contends that the declaration by Defendant's attorney demonstrates that Defendant's corporate veil should be pierced. This argument is of little force. In order to pierce the corporate veil, Plaintiff must allege facts that Defendant "abused . . . separate and distinct corporate forms." *Seasword v. Hilti, Inc.*, 537 N.W.2d 221, 224 (Mich. 1995). Plaintiff's allegation, at most, demonstrates culpable behavior on behalf of Defendant's senior legal counsel. It does not indicate any abuse of the corporate form. Thus, the Court agrees with the magistrate judge's conclusion that the statute of limitations was not tolled for the reasons advanced by Plaintiff.

Additionally, Plaintiff filed a motion for the Court to take judicial notice of related cases.

In light of the Court's conclusions, the motion is moot.  The Court will deny it as so.

Accordingly, it is **ORDERED** the magistrate judge's report and recommendation is [Dkt. #15] is **ADOPTED** and Plaintiff's objection [Dkt. # 16] is **OVERRULED**.

It is further ordered that Defendant Agrium Inc.'s motion to dismiss [Dkt. # 6] is **GRANTED**.  Plaintiff's second amended complaint is **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that Plaintiff's motion for the Court to take judicial notice [Dkt. # 13] is **DENIED** as moot.

<div style="text-align: right;">

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

</div>

Dated: April 30, 2008

<div style="border: 1px solid black;">

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 30, 2008.

s/Tracy A. Jacobs
TRACY A. JACOBS

</div>